ANDREW ALDRIDGE, EXECUTOR OF B. D. HIGDON, *vs.* JOHN T. BOSWELL.—*June* 1844.

Where a testator devised all the rest, residue and remainder of his estate unto all the children of his sister and his late brother, that are now in existence, to be equally divided amongst them per capita, share and share alike, one of his neices alive at the date of the will, married, and died before the testator. The sister and late brother had each five children alive at the date of the will. HELD: that the surviving husband of the deceased neice, was entitled to one-tenth of the testator's personal estate in the hands of his executor.

APPEAL from the *Orphans* court of *Baltimore* county.

On the 4th October 1842, the appellee filed his petition alleging, that on the 28th February 1830, the late *Benjamin D. Higdon* of *Baltimore* city, duly made and published his last will and testament, by which said last will and testament, after making several specific bequests, he devised the residue of his estate in the following manner, to wit: "I give, devise and bequeath all the rest, residue and remainder of my estate and property, real and personal, not hereinbefore disposed of, unto all the children of my late brother *John S. Higdon*, and of my sister *Phebe E. Lambert*, of *Prince George*'s county, that are now in existence, to be equally divided between and amongst them per capita, and share and share alike, to hold to them their heirs and assigns forever;" and that by said will said testator *Higdon*, also appointed *Andrew Aldridge* and *Stewart Brown*, of the city of *Baltimore*, the executors thereof. Your petitioner further states that afterwards, and in the year 1841, the said *Benjamin D. Higdon* died, without having in any manner altered or revoked said will, and leaving the said will and the aforesaid devise of the residue of his property unrevoked and in full force at his death, and that said will has been duly admitted to probate by this court; that letters testamentary thereon have been granted by this court to *Andrew Aldridge*, the surviving executor. That at the period of the execution of said will, to wit, on the 28th February 1830, *there were then in existence* the following children of the said brother *John S. Higdon*, and the said sister *Phebe E. Lambert*, mentioned in the aforesaid residuary clause of said will, to wit: the following five children of his said brother *John S. Higdon*, namely, *John B. Higdon*; *Ann*, who intermarried with *Charles A. Ely*; *Elizabeth*, who intermarried with *Urbane B. Oglesby*; *Augusta*, who intermarried with *Stoddard W. Smith*; and *Mary Jane*, who intermarried with *Matthew N. Shields*; and the following children of his said sister *Phebe E. Lambert*, to wit: *Benjamin H. Lambert*, *John J. Lambert*, *Elizabeth*, the wife of *Peter D. Hatton*, *Nancy* who intermarried with *John B. Spalding*, and *Mary* or *Polly Lambert*, who was the wife of your petitioner. That the said *Mary* or *Polly Lambert*, one of the said

ten children of the said brother and sister of the said testator, in existence at the period of the execution of his aforesaid will, became the wife of your petitioner in the year 1831, and so continued until death, in the year 1833.

Your petitioner further states, that by virtue of the said will, and of the acts of Assembly in such case provided, he is, as he conceives and is advised, entitled, as the husband of the said *Mary Lambert*, to have and receive of the said executor her share, or the one-tenth part of the residue of the personal estate of the said *Benjamin D. Higdon*, but that the said executor declines paying over to him, or accounting to him, for said share, except under the order of this court.

Your petitioner therefore prays, &c.

The will of *Benjamin D. Higdon*, of, &c., devised as follows, viz:

I give unto my friend and partner *Mr. Andrew Aldridge*, my pew in *St. Paul's* church, and also the sum of one thousand dollars, in trust for, &c.

To *Mrs. Ann Elizabeth Higdon*, of, &c. widow of my late brother *John S. Higdon*, I give and bequeath the sum of five hundred dollars.

I will and desire that my executors hereinafter named, place in the hands of my nephew *Benjamin H. Lambert*, of *Alexandria*, in the *District of Columbia*, without requiring of him any security therefor, the sum of $1,000; the interest, &c.

I give and bequeath to my aforesaid friend *Andrew Aldridge*, the sum of three hundred dollars, in trust, to be by him applied to the use and benefit of the Episcopal Sunday school, very lately incorporated, but by what particular name I do not know.

I give, devise and bequeath all the rest, residue and remainder of my estate and property, real and personal, not herein before disposed of, unto all the children of my late brother *John S. Higdon*, and of my sister *Phebe E. Lambert*, of, &c., that are now in existence, to be equally divided between and amongst them, *per capita*, share and share alike: to hold to them, their heirs and assigns forever.

Whereas, *Peter D. Hatton*, who married one of the daughters of my aforesaid sister *Lambert*, stands indebted to the firm of *Aldridge & Higdon*, between two and three hundred dollars upon a note, which I desire to be charged to me on the book of the concern, but that the amount thereof be considered as constituting a portion of the residuum of my estate, and be deducted from that part or share thereof which my neice, the wife of said *Peter D. Hatton*, shall appear to be entitled to in the distribution of such residuum.

For the purpose of division and final settlement of my estate, I authorise and require my executors to sell and dispose of, either publicly or privately, as to them may seem fit, my interest, being a moiety, of and in the house and lot situate on the south side of *Baltimore* street, between *South* street and *Tripolet's* alley, in the aforesaid city of *Baltimore*, owned by *Mr. Aldridge* and myself, and on receipt of the consideration money therefor, to execute a good and valid conveyance to the purchaser or purchasers of such interest, to hold the same to him, her or them, their heirs and assigns forever.

And lastly I constitute and appoint my aforesaid friend and partner *Andrew Aldridge*, and my friend *Stewart Brown*, of the city of *Baltimore*, executors of this my last will and testament, which I again declare to be my last.

In witness whereof, I, the said *Benjamin D. Higdon*, have hereto set my hand and seal, this twenty-eighth day of February, in the year of our Lord one thousand eight hundred and thirty.

The answer of *Andrew Aldridge* executor, alleged that he admits that the said deceased executed his last will and testament in his lifetime, as is stated in said petition, and devised the residuum of his estate to the children of his late brother *John S. Higdon* and his sister *Phebe E. Lambert*, then in existence, in the manner in said petition mentioned, and thereby appointed your respondent and the late *Stewart Brown*, executors thereof, and that letters testamentary were granted to respondent alone, the said *Brown* having departed this life before the death of the said testator; that said testator de-

parted this life without having revoked said will and testament, that the same has been duly admitted to probat, and that he believes the copy thereof exhibited with said petition, marked A, to be a true copy of said will and testament.

Your respondent further states, that he has always understood that at the date of said will and testament, there were in existence of the children of testator's brother and sister, ten persons, five of each branch, but he has no other knowledge thereof, than that he is acquainted with or has seen some of them, but not all; that he has never seen *Mary* or *Polly Lambert*, stated in said petition to have been the wife of petitioner, and does not know when he died, or was married to petitioner, and therefore leaves him to prove that she was a niece of the testator in existence at the date of the said will and testament, and that she afterwards became the wife of petitioner, and died as in said petition is stated. That having been warned by several of the residuary devisees, not to pay any part of the estate of the deceased to said petitioner, on the allegation that he is not entitled to any part thereof; your respondent therefore declines paying the same to petitioner, until he shall have fully proved his rights thereto.

On the 18th July 1843, the orphans court after proof taken, decreed that the said *John T. Boswell*, who intermarried with *Mary* or *Polly Lambert*, one of the children of *Phebe E. Lambert*, sister of the said deceased, is entitled by virtue of his marital rights to one-tenth part of the residue of the personal estate of the said *Benjamin D. Higdon*, deceased, in the hands of the said executor, and payment accordingly.

The executor appealed to this court.

The cause was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, and CHAMBERS, J.

By S. I. DONALDSON and REVERDY JOHNSON for the appellants, who waived all objections as to want of parties, &c.

By McMAHON for the appellees.

BY THE COURT—                    JUDGMENT AFFIRMED.